UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**DIABLO TECHNOLOGIES, INC.,**

Plaintiff,

vs.

**NETLIST, INC.,**

Defendant.

---------------------------------------------

*And related action*

**SMART MODULAR TECHNOLOGIES, INC.,**

Plaintiff,

vs.

**NETLIST, INC.,**

Defendant.

Case No.: 13-CV-3901-YGR

And related Case No. 13-CV-3916 -YGR

**ORDER DENYING MOTIONS TO DISMISS OR TRANSFER COMPLAINT TO CENTRAL DISTRICT OF CALIFORNIA**

Both Diablo Technologies, Inc. ("Diablo"), and Smart Modular Technologies, Inc. ("Smart Modular"), have filed declaratory judgment actions in this Court seeking a declaration that U.S. Patent Nos. 8,001,434; 8,301,833; 8,359,501; 8,516,185; and 8,516,187 (the '434, '833, '501, '185 and '187 patents, or, collectively, "the Five Netlist Patents") are invalid and not infringed by the accused product, a solid-state drive called ULLtraDIMM, developed by Diablo and Smart Storage Systems, Inc. ("Smart Storage").

Pending before the Court are two Motions brought by Defendant Netlist, Inc. ("Netlist") to Dismiss, or In the Alternative, to Transfer Complaint To Central District of California in the related cases (Dkt. No. 13 in *Diablo Technologies, Inc. v. Netlist, Inc.*, 13-cv-3901-YGR, and Dkt. No. 13 in *Smart Modular Technologies, Inc. v. Netlist, Inc.*, 13-cv-3916-YGR). Netlist brings the instant motions pursuant to Rules 12(b)(3), 12(b)(7), and 19 of the Federal Rules of Civil Procedure for

United States District Court
Northern District of California

United States District Court
Northern District of California

orders dismissing the declaratory judgment complaints filed by Diablo and Smart Modular or, in the alternative, transferring these actions to the United States District Court for the Central District of California. Diablo and Smart Modular oppose the motions.

Having carefully considered the papers submitted, the admissible evidence,[1] and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** Netlist's Motions to Dismiss or Transfer.[2]

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 10, 2012, Smart Modular filed suit against Netlist in the Eastern District of California alleging that certain Netlist products, including HyperCloud, infringe Smart Modular's '295 patent. (Cunningham Decl., Ex. D.) At present, the Eastern District litigation is stayed (on Netlist's motion) pending completion of an *inter partes* reexamination of the '295 Patent by the Patent Office. (*See* Cunningham Decl., Exh. F.) Netlist's answer and counterclaims asserted fraud, unfair competition and antitrust violations.

On July 1, 2013, Netlist filed a complaint against Smart Modular in the Central District of California asserting claims for antitrust violations, unfair competition and fraud. (*Netlist, Inc. v. Smart Modular Technologies, Inc.*, 13-cv-996-DOC-JPR, "the Original Central District Complaint".) While the Original Central District Complaint mentioned the '295 patent, it did not bring any claims related to patent infringement or validity, did not name Diablo, and did not reference the accused ULLtraDIMM product.

On August 8, 2013, Diablo and SMART Storage announced the launch of their upcoming ULLtraDIMM solid-state drive product. (*See* McMullen Decl. ¶ 4*;* Motion to Dismiss, Exh. B at ¶

---

[1] Smart Modular seeks judicial notice of all pleadings listed on the docket attached as Exhibit A to the Declaration of Blake Cunningham (Dkt. 22, 13-cv-3916-YGR), as well as particular pleadings attached to that declaration, and a letter from Netlist to Smart Modular referenced in the motion. The Court **GRANTS** the request for judicial notice **IN PART**, and takes judicial notice of the letter, the attached pleadings, and the docket only.

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearings set for **October 15, 2013**.

18.) The announcement did not give technical details about the product but stated that the ULLtraDIMM had just begun "sampling with select customers." *Id*.

Thereafter, Netlist drafted a First Amended Complaint ("Amended Central District Complaint") to add claims to the Original Central District Complaint, alleging that the ULLtraDIMM product infringed one or more claims of the Five Netlist Patents, and asserting new claims for patent infringement, trade secret misappropriation and related claims against existing-defendant Smart Modular, as well as new defendants Smart Storage, Smart Worldwide Holdings, Inc. ("Smart Worldwide") and Diablo. Between 5:15 pm and 5:30 pm on August 22, 2013, Netlist faxed a letter to each of the four defendants, including Diablo and Smart Modular, to inform them that Netlist intended to add claims concerning the Five Netlist Patents by way of an amendment to the Original Central District Complaint to be filed on the next business day, August 23, 2013.

Before that Amended Complaint was filed, however, on August 23, 2013, Diablo filed its declaratory relief action herein seeking a declaration of invalidity and non-infringement as to each of the Five Netlist Patents. The declaratory relief action did not include any claims related to the '295 Patent, or the anti-trust and unfair competition allegations in the Original Central District Complaint.

Less than two hours later, also on August 23, 2013, Netlist filed its amended complaint in the Central District. The Amended Central District Complaint alleged infringement of the Five Netlist Patents against Diablo, Smart Modular, Smart Worldwide, and Smart Storage, as well as adding claims against Diablo for Lanham Act violations, Misappropriation of Trade Secrets, Breach of Contract, violation of California Business & Professions Code section 17200 *et seq*., and correction of inventorship related to Diablo's '917 patent.

Also on August 23, 2013, about 30 minutes after Netlist filed its Amended Central District Complaint, Smart Modular also filed its declaratory judgment action in this Court, seeking a declaration of non-infringement and invalidity concerning the same Five Netlist Patents.

## II. DISCUSSION

While Netlist brings its motions ostensibly on the grounds of improper venue under Rule 12(b)(3) and failure to join a party under Rules 12(b)(7) and 19, its arguments for dismissal or

transfer of venue are not directed to either standard.[3] Instead, Netlist's arguments are that: (1) Netlist's complaint in the Central District takes precedence under a first-to-file analysis, making the declaratory judgment actions here duplicative; (2) the declaratory relief actions constitute disfavored "anticipatory suits;" and (3) the speed with which the declaratory relief actions were filed indicates that Diablo and Smart Modular could not have conducted a reasonable inquiry before filing their complaints. Each of these arguments fails.

**A. First-to-File**

Netlist argues that the Court should grant the motion because Netlist already has an action pending in the Central District, in which Netlist has asserted the same five Netlist patents that are asserted in the Diablo and the Smart Modular declaratory relief complaints and the action pending in the Central District is the only one that contains all of the relevant parties and legal claims necessary for a complete resolution of the dispute. Netlist argues that it established venue for its claims against Smart Modular by filing the Original Central District Complaint in July 2013, and then announced to Diablo that it would be adding Diablo as a defendant and adding patent infringement claims by way of its notice letter dated August 22, 2013.

A federal district court has discretion to dismiss, stay, or transfer a case to another district court under the first-to-file rule. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982); *Alltrade, Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) ("The most basic aspect of the first-to-file rule is that it is discretionary."). The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the

[3] Failure to file in a proper venue may be raised by motion pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 1406(a), if the court determines that venue is improper, the court must either dismiss the action or, if it is in the interests of justice, transfer the case to a district or division in which it could have been brought, and is within the sound discretion of the district court. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir.1992). A motion to dismiss under Rule 12(b)(7) and 19 for failure to join a necessary party is granted if an absent party is "necessary" to the suit and that party cannot be joined such that "in 'equity and good conscience' the suit should be dismissed." *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992) (citing *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir.1990). "The moving party has the burden of persuasion in arguing for dismissal." *Id.*

possibility of conflicting judgments. *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979) (citations omitted).

In patent cases, the "general rule favors the forum of the first-filed action, whether or not it is a declaratory action." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). "Exceptions, however, are not rare, and are made when justice or expediency requires, as in any issue of choice of forum." *Id.*; *see also Cisco Sys., Inc. v. TiVo, Inc.*, 2012 WL 3279532, at *3 (N.D. Cal. Aug. 10, 2012) (in patent actions, first-to-file rule is not rigid, inflexible, or mechanically applied, but rather employed "with a view to the dictates of sound judicial administration"). In determining which action is considered the first-filed, courts generally examine the following factors: (1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues. *Schwartz v. Frito-Lay N. Am.*, No. C-12-02740 EDL, 2012 WL 8147135, at *2 (N.D. Cal. Sept. 12, 2012). The analysis may also take into consideration the "convenience factors" set forth in the transfer statute, 28 U.S.C. § 1404(a), including, "the convenience and availability of witnesses, absence of jurisdiction over all necessary or desirable parties, possibility of consolidation with related litigation, or considerations relating to the interest of justice." *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 902–05 (Fed.Cir.2008); *Cisco Sys., Inc. v. TiVo, Inc.*, C 12-02766 RS, 2012 WL 3279532 (N.D. Cal. Aug. 10, 2012).

Here, the factors to be considered in a first-to-file analysis do not favor dismissal or transfer of the Diablo or Smart Modular complaints. While Netlist seems to argue that its Original Central District Complaint was the first-filed action, it is the Diablo declaratory relief complaint, filed in this District, that was the first to be filed concerning the Five Netlist Patents at issue here. Netlist's Original Central District Complaint did not include any allegations regarding the Five Netlist Patents, or any patent infringement-related claims at all. Nor was Diablo a party to Netlist's Original Central District Complaint. Thus, Netlist's Original Central District Complaint cannot be considered the "first" complaint with respect to the issues and parties of concern here.

Netlist further argues that its Amended Central District Complaint was filed less than two hours after the Diablo declaratory relief complaint, and that such a small chronological difference

should mean that the timing of the filing is not dispositive as to the appropriate venue. Netlist cites to a number of cases supporting that position. *See Nordson Corp. v. Speedline Techs., Inc.*, 2000 U.S. Dist. LEXIS 15240, at *7 (N.D. Cal. Oct. 10, 2000) (first-to-file rule "not dispositive" where parties filed suits within three hours of each other); *Aurora Corp. of America v. Fellows, Inc.*, 2008 WL 709198, at *1 (C.D. Cal. Feb. 27, 2008) (where parties filed nearly simultaneous lawsuits, application of first-to-file rule "would invoke none of the merits of the first-filed rule, while promoting the sort of race to the courthouse that is the worst feature of the rule" ); *Topics Entertainment, Inc. v. Rosetta Stone Ltd.*, 2010 WL 55900, at *4 (W.D. Wash. Jan. 4, 2010) ("[T]he fact that the suits were filed only two hours apart supports the Court's decision to depart from the first-to-file rule"); *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1153 (S.D.N.Y. Sept. 14, 1995) (first-to-file rule is "usually disregarded where the competing suits were filed merely days apart" and does not apply where the lawsuits were filed on the same day). However, the Federal Circuit has held that the "rule favoring the right of the first litigant to choose the forum, absent countervailing interests of justice or convenience, is supported by [reasons] just as valid when applied to the situation where one suit precedes the other by a day as they are in a case where a year intervenes between the suits." *Genentech*, 998 F.2d at 938 (internal citations and quotation omitted); *see also Intuitive Surgical, Inc. v. California Inst. of Tech.*, C07-0063-CW, 2007 WL 1150787 (N.D. Cal. Apr. 18, 2007) (first-to-file rule should be followed even if filings mere hours apart).

In addition, Netlist argues that the Amended Central District Complaint is the only lawsuit that "contains all of the relevant parties and claims." Netlist's argument is unpersuasive. Netlist never explains why its claims for Lanham Act violations, misappropriation of trade secrets, breach of contract, unfair competition, or correction of inventorship regarding Diablo's '917 patent would be relevant to the infringement claims on the Five Netlist Patents.

**B. Anticipatory Suit**

Netlist argues that the Court should dismiss Diablo's declaratory judgment complaint because it is nothing more than Diablo's attempt to beat the filing of Netlist's Amended Complaint in the Central District by filing an anticipatory suit. The Ninth Circuit has recognized that an

United States District Court
Northern District of California

exception to application of the first-to-file rule would include circumstances such as bad faith and forum shopping, both of which may be indicated by the filing of an anticipatory suit. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).

It is true that a district court is not required to exercise declaratory judgment jurisdiction, but has “unique and substantial discretion” to decline that jurisdiction when there are well-founded reasons for doing so. *Wilton v Seven Falls Co.*, 515 U.S. 277, 286 (1995); *see also Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345 (Fed. Cir. 2005) (court has discretion to decline declaratory relief jurisdiction where circumstances would make it “unjust or inefficient” and filing appears intended to preempt another’s infringement suit); *Genentech*, 998 F.2d at 937 (“When there is an actual controversy and a declaratory judgment would settle the legal relations in dispute and afford relief from uncertainty or insecurity, in the usual circumstance the declaratory judgment is not subject to dismissal.”). The filing of a declaratory relief action simply to preempt another’s infringement suit favors dismissal. *Electronics for Imaging*, 394 F.3d at 1345. However, the Federal Circuit has held that the anticipatory nature of a declaratory relief action is simply one factor to be considered in the venue analysis, and not sufficient on its own to warrant dismissal or transfer. *Electronics for Imaging*, 394 F.3d at 1347-48; *see also Teledyne Technologies Inc. v. Harris Corp.*, CV 11-00139 DDP AJWX, 2011 WL 2605995 (C.D. Cal. July 1, 2011) *dismissed*, 461 F. App'x 921 (Fed. Cir. 2011) (“the anticipatory nature of [the] suit is *but one factor* in the dismissal analysis[; c]onsiderations of the convenience and availability of witnesses, the location of documents, judicial expediency and efficiency” all weigh into the analysis as well).

Here, Netlist’s motions do not discuss other factors, such as location of evidence and witnesses or considerations of judicial efficiency, which would favor venue in the Central District over this Court. It is only on reply that Netlist cites to 28 U.S.C. § 1404,[4] and offers, for the first

---

[4] Though the motions here were not made under 28 U.S.C. § 1404, the Court notes that the purpose of 28 U.S.C. § 1404(a) is to “prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.” *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (internal quotation omitted). To support a motion for transfer under section 1404, it is the moving party’s burden to establish “that the transferee district is one where the action might have been brought and that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice.” *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F.Supp. 503, 506 (C.D.Cal.1992).

time, evidence that Netlist is based in the Central District, and that Smart Modular's "Memory Engineering" facility is located in the Central District. Meanwhile, Smart Modular has submitted evidence that its principal place of business is in the Northern District, and Diablo has submitted evidence that it has four employees and contractors in the Northern District, but only one in the Central District. In addition, Smart Modular points out that the accused ULLtraDIMM product is the result of a partnership between Diablo and Smart *Storage*, not Smart Modular, and that Smart Storage was recently acquired by SanDisk Corporation, which has its principal place of business in the Northern District.

As the Federal Circuit has indicated, the purpose of the Declaratory Judgment Act was to allow parties threatened with an infringement action to seek a judicial determination of the controversy immediately, without delay and uncertainty. *Electronics for Imaging*, 394 F.3d at 1346. To ignore the first-to-file rule when the first-filed case is a declaratory relief action, as Netlist argues, would allow the patent owner to control venue in all instances, a result inconsistent with that purpose.

The actions on the Five Netlist Patents were filed on the same day and none of them has progressed significantly more than the others or issued substantive rulings such that judicial economy would favor dismissal of the actions here or transfer to the Central District. Even assuming the Court should consider new facts submitted by Netlist for the first time on reply, the evidence regarding convenience of witnesses and access to evidence does not favor the Central District of California over the Northern District of California. In short, Netlist has failed to establish that the convenience and interest of justice factors favor dismissal or transfer to the Central District.

**C. Failure to Conduct A Reasonable Inquiry**

Netlist further argues that the Court should dismiss or transfer the declaratory judgment complaints because Diablo and Smart Modular could not have performed a reasonable and competent inquiry into the factual or legal bases for their complaints.

First, Netlist's argument appears to be a motion for dismissal under FRCP Rule 11 in disguise. Such a motion would be improper, as there are specific procedural requirements that must

United States District Court
Northern District of California

be met in order to dismiss under Rule 11. *See* Fed. R. Civ. P. 11(c)(2) (requiring Rule 11 be asserted in a separate motion, served but not filed 21 days in advance with an opportunity to correct or withdraw the pleading). Further, Diablo and Smart Modular offer evidence to counter Netlist's inference that they could not have performed an adequate inquiry prior to filing.

At best, Netlist's reasonable inquiry argument can be read as contending that the filing of the declaratory relief action was in bad faith. Diablo and Smart Modular have submitted evidence as to why the Northern District is a convenient venue.[5] Netlist's argument does not change the Court's determination that Netlist has not established that the relevant factors favor dismissal or transfer to the Central District.

## III. CONCLUSION

For the foregoing reasons, the Court finds that the Motions to Dismiss or to Transfer are **DENIED**.

This Order terminates Dkt. No. 13 in *Diablo Technologies, Inc. v. Netlist, Inc.*, 13-cv-3901-YGR, and Dkt. No. 13 in *Smart Modular Technologies, Inc. v. Netlist, Inc.*, 13-cv-3916-YGR.

**IT IS SO ORDERED.**

Date: October 10, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

[5] The Court again notes that, although the motions here are styled as motions to dismiss for improper venue and failure to join, no arguments or evidence were submitted by Netlist to demonstrate why the Northern District would not be a proper venue for the declaratory relief actions under any applicable venue statute, or what necessary parties were not joined here. For that reason, the Court declines to address Smart Modular's argument that joinder would be improper under the America Invents Act, Pub. L. No. 112-29, sec. 19(d), § 299, 125 Stat 284, 332-33 (2011) (codified at 35 U.S.C. § 299).