UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DIABLO TECHNOLOGIES, INC.,**<br><br>    Plaintiff,<br><br>    vs.<br><br>**NETLIST, INC.,**<br><br>    Defendant. | Case No.: 13-CV-3901-YGR<br><br>**ORDER:**<br>**(1) GRANTING IN PART MOTION TO FILE UNDER SEAL (DKT. NO. 38); AND**<br>**(2) DENYING EX PARTE MOTION OF PLAINTIFF DIABLO TECHNOLOGIES, INC. FOR ORDER TO SHOW CAUSE (DKT. NO. 39)** |

On December 13, 2013, Plaintiff Diablo Technologies, Inc. ("Diablo") filed an Administrative Motion to File Under Seal (Dkt. No. 38, "Motion to Seal") and an Ex Parte Application for Order to Show Cause (Dkt. No. 39, "Application"). The Court heard the parties' arguments on the Motion for Order to Show Cause during the parties' case management conference on Monday, December 16, 2013. The Court also directed Defendant Netlist, Inc. ("Netlist") to file any written opposition no later than December 17, 2013, which it did. (Dkt. No. 42, 43, 44.) Diablo sought and was granted leave to file a reply, which it filed on December 31, 2013. (Dkt. No. 48, 49, 50.)

Having carefully considered the submissions and arguments of counsel, the Court **DENIES** the Application. Diablo has not established a basis for finding the information in the Form 8-K and its attachments "confidential" and therefore has not shown why it should be granted the relief it seeks in the Application.

With respect to the motion to seal, the applicable standard for sealing documents in connection with a non-dispositive motion is a showing of good cause. *See Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1180 (9th Cir.2006); *Apple, Inc. v. Samsung Electronics, Co.,*

*Ltd.,* 727 F.3d 1214 (Fed. Cir. 2013) (applying Ninth Circuit law).  Having considered Diablo's submission in support of the Motion to Seal, the Court finds that good cause has been shown for some of the documents sought to be sealed and therefore **GRANTS IN PART** the motion to seal.

## I.   APPLICATION FOR ORDER TO SHOW CAUSE

### A.   BACKGROUND

The Application requests that the Court issue an order to show cause why Netlist should not be sanctioned for its failure to maintain as confidential an anonymous letter received by Netlist's CEO.  Diablo contends that the letter contains its confidential information and that Diablo agreed to maintain the document as confidential.  Netlist has now included information related to the letter and its contents in a Form 8-K filing with the Securities and Exchange Commission ("SEC"). (Declaration of Sanjeet K. Dutta, Exh. D, Dkt. No. 39-5.)

Specifically, the Form 8-K stated that Netlist filed documents in the Central District and attached a "partially redacted" copy of the filing as an exhibit to the Form 8-K.  The first part of the Form 8-K's exhibit is a brief in support of Netlist's position that its pending claims for misappropriation of trade secrets should not be transferred from the Central District to the Northern District.  The brief states that Netlist received a detailed letter from a "whistleblower" who Netlist believes is either a current or former Diablo employee and that the letter purports to detail how Diablo appropriated Netlist's technology and marketed that technology to potential customers. (*Id.*)  The brief included an image of the first few sentences of the letter.[1]

Also attached to the Form 8-K is a redacted version of the declaration filed in the Central District by Chuck Hong, Netlist's CEO, and the declaration of Sean Cunningham, including an exhibit that is a redacted, text version of the anonymous letter.  (*Id.*)  The text version of the letter includes details of the Diablo and Netlist products, and technical details about how Diablo allegedly

---

[1] The Court notes that, on December 11, 2013, Netlist requested to file the brief and exhibits under seal, which request was granted.  *See Netlist Inc. v. Smart Modular Technologies, Inc.,* Central District Case No. 8:13-cv-996 DOC-JPR at ECF Dkt. Nos. 114, 123, 124.  The request indicated that the response "contains confidential information that is highly sensitive to the parties' businesses…[which] could be harmed if the information in this Response was to become public." (*Id.*, ECF Dkt. No. 114 at 2.)

used Netlist products or made minor changes to those products for use in Diablo products.  (*Id.* at Dkt. No. 39-5, ECF p. 20.)

**B.     ANALYSIS**

Diablo contends that Netlist was not required to disclose the details of the anonymous letter in a Form 8-K to the SEC, and that the letter is unauthenticated, potentially defamatory, and hearsay.  Diablo contends that information about its product release, customers' identities, and the identity of ex-employees is all confidential and should not be disclosed.  And, further, Diablo argues that disclosure of this information violated Netlist's agreement not to do so.  Diablo seeks sanctions in the form of dismissal of this action, disqualification of Netlist's counsel, and an order requiring Netlist to file immediately with the SEC a request to retract the Form 8-K filing, as well as costs in this action.

Netlist argues that Diablo has cited no authority for its sanctions request and that the parties had no "agreement" about how to treat the contents of the letter.  Netlist argues that it "carefully redacted the letter (and the corresponding pleadings) to remove all references to any information that Diablo could conceivably claim was its confidential business information."  (Oppo. 2:11-13.) Netlist further argues that Diablo's application is procedurally improper.

Taking the last argument first, Netlist is correct that Diablo's Application does not comply with the procedures set forth in Local Rules 7-1 and 7-10.  N.D. Calif. Civil Local Rule 7-1(a)(3); 7-10.  Ex parte motions are only permitted when specifically authorized by a statute, Federal or local rule or Standing Order.  N.D. Calif. Civil Local Rule 7-10.  An ex parte motion must include a citation to the authority permitting use of an ex parte motion to obtain the relief sought.  *Id.* Diablo's Application fails to do so.

As to Netlist's argument that it had no "agreement" to treat the contents of the letter as confidential, the Court is less persuaded.  Netlist's counsel, Sean C. Cunningham, stated in his November 18, 2013 letter to Diablo's counsel that "we have treated the letter as Outside Counsel Only information, such that our client no longer has access to the letter or its contents [and w]e expect you to treat the letter and its contents with the same level of protection, since it contains Netlist's confidential information."  (Declaration of Sanjeet K. Dutta, Dkt. No. 39, Exh. C.)  Thus,

the letter at least suggests that there is a *quid pro quo* agreement that each side should not disclose the letter and its contents, since each side potentially could be damaged by release of information therein. Moreover, the letter implicitly acknowledges that the contents of the letter include each side's confidential information.

However, Diablo has not established that the information that was released in the Form 8-K is confidential. At the hearing, Diablo argued two pieces of information in the Form 8-K filing were "confidential": (1) the names of the two former employees and their alleged roles in the misappropriation, and (2) the name of a customer to whom Diablo marketed the alleged misappropriated technology, including the release date of a new product series using that technology.[2] The names of the former employees are not actually included in the redacted, text version of the anonymous letter attached to the Form 8-K. (*See* Dutta Dec., Exhibit D, p. 20.) Moreover, Diablo has not explained why their names would be confidential information.

As to the customer and product information, the text version of the letter does not reveal this information either. Instead it is the Declaration of Chuck Hong that discusses product demonstrations to IBM and Hewlett-Packard. The text of the declaration is ambiguous as to whether the anonymous letter or some other source provided that information to Hong. Moreover, as Netlist points out, marketing to IBM and Hewlett-Packard was the subject of a blog/news post published on the internet. (Cunningham Dec., Exh. C., Dkt. No. 44-3.) The post quoted statements from a senior executive of SanDisk, a business partner of Diablo, stating that he "showcased a SanDisk prototype-ULLtraDIMM" at the Oracle OpenWorld 2013 conference. (*Id.*) The redacted version of the letter does not reveal any more information about customers and products than the internet post (nor does the Hong Declaration).

In short, Diablo appears to have redacted heavily the letter, and references to the information contained therein, in the attachments to the Form 8-K it filed with the SEC. Netlist contends that it was required to file the Form 8-K to report major events about which shareholders should be informed, namely events in the lawsuits between Netlist and Diablo that are material to

---

[2] Diablo initially offered a third item, a portion of an image of the letter itself, but then conceded that the imaged portion was not necessarily confidential. (Hearing Transcript at 15:24-25.)

4

Netlist's business. Diablo has not offered persuasive authority or argument to suggest that Netlist's inclusion of this information in a Form 8-K to its shareholders was not proper. In the absence of any evidence or authority to suggest otherwise, the Court cannot find that Netlist's decision that it was required to file the Form 8-K was incorrect or unlawful.

Diablo was unable to cite any violation of any legal authority that would give rise to the sanctions sought here. Diablo's reference at the hearing to Patent Local Rule 2-2 simply says that "[d]iscovery cannot be withheld on the basis of confidentiality absent Court order" and that the standard protective order authorized by the Northern District "shall govern discovery" unless the Court enters a different protective order. Patent L.R. 2-2. There appears to be no dispute that the letter was sent anonymously to Netlist's CEO. Netlist provided a copy to Diablo shortly after it received the letter. It is not covered by any discovery request or part of any discovery production. Thus, the Local Rule 2-2 does not preclude Netlist from disclosing the letter or information therein.

Consequently, Netlist has not established that it is entitled to an order compelling Netlist to withdraw the Form 8-K or to any other sanctions against Netlist, as requested in the Application.

## II.   MOTION TO SEAL

When a party seeks to seal private documents submitted in connection with non-dispositive motions, the Court applies a "good cause" standard, since such motions are often unrelated or only tangentially related to the merits of the underlying claims. *Kamakana, supra,* 447 F.3d at 1179-80; *Apple, supra,* 727 F.3d at 1222. Under the Rule 26(c) "good cause" standard, the court may seal documents "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115-16 (9th Cir. 2009) *opinion amended and superseded on denial of reh'g,* 605 F.3d 665 (9th Cir. 2010).

Here, Diablo's counsel established at the hearing that the unredacted form of the anonymous letter contains sensitive information about Diablo. Indeed, Netlist has itself indicated that the unredacted version of the anonymous letter contains *Netlist's* private information as well. The Court finds that this showing meets the relatively low threshold for sealing under these circumstances.

However, Diablo has not established why the Application brief itself should be ordered sealed or partially sealed.

As a result, the motion to seal is **GRANTED IN PART** as to Exhibit A (Dkt. No. 41-1) **only**.

Note that this order does not permit any party to file the document under seal in connection with a future motion. To the extent the exhibit is offered in connection with another motion or at trial, any party seeking to seal the document will be required to make a new motion to seal.

### III.  CONCLUSION

As stated herein, the Court Orders that:

(1)  the Ex Parte Application For Order To Show Cause (Dkt. No. 39) is **DENIED;** and

(2)  the Motion to Seal (Dkt. No. 38) is **GRANTED IN PART**.

Diablo is directed to file its "Ex Parte Application For Order To Show Cause" in the public docket no later than January 10, 2014.

This Order terminates Dkt. Nos. 38 and 39.

**IT IS SO ORDERED**.

Date: January 3, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**